# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S | Civil Action No. _____ |
|      Plaintiff, | |
|         v. | |
| BEST-LOCK CONSTRUCTION TOYS, INC. | **JURY TRIAL DEMANDED** |
|      Defendant. | FEBRUARY 10, 2015 |

## COMPLAINT

Plaintiff LEGO A/S ("LEGO") files this Complaint against defendant Best-Lock Construction Toys, Inc.. ("Best-Lock" or "Defendant") and alleges as follows:

### THE PARTIES

1.     Plaintiff LEGO is a private company with a place of business located at Aastvej 1, Dk-7190, Billund, Denmark.

2.     Upon information and belief, defendant Best-Lock is a Florida corporation, and has its principal place of business at Suite 300 Rivergate Plaza, 444 Brickell Avenue, Miami, Florida, 33131.  Upon information and belief, Best-Lock does business in the State of Connecticut.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this Complaint pursuant to at least 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

4.     This Court has personal jurisdiction over Best-Lock by virtue of, among other things, it transacting, doing, and soliciting business in this District and because the harm caused by the Defendant's actions occurred in this District.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b)(2).

**THE FRIENDS FIGURINES AND LEGO'S PATENTS AND COPYRIGHTS**

6.      In 2012, the LEGO® brand introduced its Friends figurines, which include a group of miniature figurines representative of LEGO Friends characters, namely, Mia, Olivia, Emma, Andrea, and Stephanie, who live in the imaginary LEGO® toy world of Heartlake City.  With themed elements and colorful details, LEGO® toy sets featuring the Friends figurines allow consumers to design and build their own Heartlake City play scenarios, such as Heartlake City Pool.

7.      Each LEGO Friends figurine has a head, arms, legs, and features certain fixed facial expressions and various clothing styles.  It comprises a distinct trapezoidal torso, cylindrical head, arms bent slightly at the elbows, straight legs, and inverted feet with rounded front edge and smaller sole outfitted with a multitude of shoe styles.

8.      The LEGO® Friends figurines embody features that are the subject of at least U.S. Design Patent Nos. D682,367 ("the '367 Patent"), D672,411 ("the '411 Patent"), D672,412 ("the '412 Patent"), D678,432 ("the '432 Patent"), D672,413 ("the '413 Patent"), D689,567 ("the '567 Patent"), and D689,568 ("the '568 Patent"), and U.S. Copyright Registration Nos. VA 1-876-291 ("the '291 Registration"), VA 1-876-279 ("the '279 Registration"), VA 1-876-378 ("the '378 Registration"), and VA 1-876-373 ("the '373 Registration").

**BEST-LOCK'S INFRINGING FIGURINE**

9.      Best-Lock supplies into and sells toy sets in the United States, many of which include a figurine having a trapezoidal torso, cylindrical head, arms bent slightly at the elbows, straight legs, and inverted feet (the "Infringing Figurine").  The Infringing Figurine is marketed and sold in, at least, Best-Lock's Fairy Tale High toy sets or as a Best-Lock Fairy Tale High

figurine.

10.    Best-Lock's Infringing Figurine is strikingly and substantially similar to the '291 Registration, the '279 Registration, the '378 Registration, and the '373 Registration (collectively, "the Asserted Copyrights," attached hereto as Exhibits A-D, respectively), and infringes the claim of the '568 Patent (the "Asserted Patent," attached hereto as Exhibit E) that is embodied in the LEGO® Friends figurines.  In fact, the torso, head, arms, legs, and feet of Best-Lock's Infringing Figurine all have nearly exact dimensions and proportions as those respective parts of the Asserted Copyrights and the corresponding claimed element of the Asserted Patent.

11.    The photographs below show an example of a Fairy Tale High toy set sold by Best-Lock featuring Infringing Figurines and an example of a LEGO® Friends toy set featuring the protected LEGO® Friends figurines:



**Best-Lock Blue Ribbon Ranch containing Best-Lock Infringing Figurines**



**LEGO® Friends Heartlake City Pool**



**Comparison of Best-Lock Infringing Figurine and LEGO® Friends figurine**

12.     Upon information and belief, Best-Lock had access to the protected LEGO®

Friends figurines.

-4-

13.     Best-Lock's Infringing Figurine is an unauthorized reproduction of the Asserted Copyrights and the Asserted Patent.

14.     LEGO has no agreement of any kind with Best-Lock that would authorize Best-Lock's reproduction of the Asserted Copyrights and the Asserted Patent or the sale or distribution of the Infringing Figurine.

**COUNT I**
**(Patent Infringement)**

15.     LEGO repeats and realleges paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     LEGO is the owner, by assignment, of all rights, title and interest in the Asserted Patent.

17.     By making, using, offering to sell, selling, and/or importing into the United States the Infringing Figurine, Defendant has infringed and continues to infringe the Asserted Patent, in violation of 35 U.S.C. § 271.

18.     Upon information and belief, Defendant's infringement of the Asserted Patent is willful, entitling LEGO to increased damages pursuant to 35 U.S.C. § 284.

19.     In addition, this case is exceptional, entitling LEGO to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

20.     Unless enjoined by the Court, Defendant will continue to infringe the Asserted Patent.

21.     As a direct and proximate result of Defendant's conduct, LEGO has suffered, and will continue to suffer, irreparable harm, for which it has no adequate remedy at law.

22.     Unless this Court permanently enjoins Defendant's infringing product, LEGO will continue to be irreparably harmed by Defendant's infringement of the Asserted Patent.

## COUNT II
## <u>(Copyright Infringement)</u>

23.     LEGO repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.     The copyrighted LEGO® Friends figurines comprise, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*  LEGO has complied in all respects with the laws governing copyright and has secured the rights and privileges in, to and under the Asserted Copyrights embodied in the LEGO® Friends figurines.

25.     In violation of LEGO's exclusive rights in the LEGO® Friends figurines and the Asserted Copyrights, Best-Lock has reproduced the Asserted Copyrights, and sold and distributed the Infringing Figurine that is strikingly and substantially similar to the LEGO® Friends figurines.

26.     Best-Lock's unlawful conduct constitutes infringement of LEGO's exclusive rights in the Asserted Copyrights including without limitation LEGO's rights under 17 U.S.C. § 106.

27.     Upon information and belief, through its acts described above, Best-Lock has knowingly and willfully infringed LEGO's exclusive rights in the Asserted Copyrights including, without limitation, LEGO's exclusive rights under 17 U.S.C. § 106.

28.     Upon information and belief, as a direct and proximate result of Best-Lock's wrongful conduct, Best-Lock has realized and continues to realize profits and other benefits rightfully belonging to LEGO.

29.     As a result of Best-Lock's unlawful conduct, LEGO has suffered and will continue to suffer damages.

30.     Best-Lock's continued, unauthorized reproduction of the Asserted Copyrights, and sale and distribution of the Infringing Figurine is causing and will cause LEGO irreparable harm.

### COUNT III
### (Violation of the Connecticut Unfair Trade Practices Act)

31.     LEGO repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     By engaging in the acts alleged above, Best-Lock has willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

33.     Best-Lock's willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

34.     Best-Lock's conduct has caused and will continue to cause substantial injury to LEGO and to the public interest.

35.     Best-Lock committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

36.     LEGO has suffered, and if Best-Lock is not enjoined, will continue to suffer, an ascertainable loss of money or property as a result of Best-Lock's actions.

37.     By virtue of the above conduct, Best-Lock has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

38.     Best-Lock's continued unlawful and unfair trade practices are causing and will cause LEGO irreparable harm.

**WHEREFORE**, LEGO requests judgment as follows:

1.      For a permanent injunction restraining Best-Lock, its officers, agents, servants and employees, and all persons in active concert or participation with Best-Lock or with any of the foregoing from infringing the claim of the Asserted Patent in any manner;

2.      For a judgment that the claim of the Asserted Patent has been infringed by Defendant;

3.      For a permanent injunction restraining Best-Lock, its officers, agents, servants and employees, and all persons in active concert or participation with Best-Lock or with any of the foregoing from:

      (a)      making unauthorized reproductions of the copyrighted LEGO® Friends figurines including any figurine that is substantially similar to the Asserted Copyrights;

      (b)      continuing to distribute, sell, offer for sale, or authorize the sale of the Infringing Figurine or any other figurine that is substantially similar to the Asserted Copyrights;

4.      For a judgment that the Asserted Copyrights have been infringed by Defendant;

5.      An order that Best-Lock be directed to file with this Court and serve on LEGO within thirty days after the service of an injunction, a report, in writing and under oath, confirming the destruction or other disposition of all copies of the Infringing figurine and all means of producing copies of the Infringing figurine.

6.      Awarding LEGO damages adequate to compensate LEGO for Defendant's patent infringement, but in no event less than a reasonable royalty, together with interest thereon;

7.      Awarding LEGO a threefold increase in damages as a result of willful

infringement by Defendant;

8.      Awarding LEGO its actual damages and Best-Lock's profits in an amount to be determined at trial or statutory damages pursuant to 17 U.S.C. § 504;

9.      Awarding LEGO enhanced, statutory damages pursuant to 17 U.S.C. § 504(c);

10.     Awarding LEGO its reasonable attorneys' fees and costs pursuant to at least Conn. Gen. Stat. § 42-110g(d) and 17 U.S.C. § 505; and

11.     Such other and further relief as the Court deems appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues so triable.

By:    /s/ Elizabeth A. Alquist
       Elizabeth A. Alquist (ct15643)
       Eric TeVelde (ct29064)
       Day Pitney LLP
       242 Trumbull Street
       Hartford, CT 06103-1212
       Tel: (860) 275-0100
       Fax: (860) 275-0343
       Email: eaalquist@daypitney.com
       Email: etevelde@daypitney.com

       Cecilia Zhang Stiber (ct27430)
       Day Pitney LLP
       One Canterbury Green
       Stamford, CT  06901-2047
       Tel. (203) 977-7300
       Fax (203) 977-7301
       cstiber@daypitney.com

       *Attorneys for Plaintiff LEGO A/S*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


　　　　　　　　　　　　　　　　/s/ Elizabeth A. Alquist
　　　　　　　　　　　　　　　　Elizabeth A. Alquist